**TRUSTEES OF MICHIGAN REGIONAL COUNCIL OF CARPENTERS' EMPLOYEE BENEFITS FUND; Trustees of Michigan Regional Counsel of Carpenters' Annuity Fund; Trustees of Carpenters' Pension Trust Fund—Detroit and Vicinity; and**

---

940

Trustees of the Carpenters' Vacation Fund—Detroit and Vicinity, the Michigan Regional Council of Carpenters, and the United Brotherhood of Carpenters and Joiners of America, AFL–CIO, Plaintiffs,

v.

CUSTOM POURED WALLS, INC. Defendants.

No. 04–CV–71204–DT.

United States District Court, E.D. Michigan, Southern Division.

Nov. 30, 2004.

Edward J. Pasternak, John I. Tesija, Novara, Tesija, Southfield, MI, for plaintiff.

Shanna M. Azzopardi, Ross L. Wilber, Resnick & Moss, Bloomfield Hills, MI, for defendant.

### OPINION AND ORDER DENYING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT

DUGGAN, District Judge.

On March 31, 2004, Plaintiffs filed a complaint alleging that Defendant failed to comply with its contractual and statutory obligations to pay fringe benefit contributions and liquidated damages which Plaintiff alleges Defendant owes. Defendant alleges: "In or around July of 2004," (Def.'s Mot. at 2) counsel for Plaintiffs and counsel for Defendant "had several settlement discussions." (*Id.*). Defendant further alleges that on or about July 30, 2004, counsel for Plaintiffs contacted counsel for Defendant and offered to settle the matter for $5,540.05. In addition, Plaintiffs

agreed to waive liquidated damages. On August 2, 2004, Edward J. Pasternak, counsel for Plaintiffs, submitted a written offer to settle on the above terms.

On August 17, 2004, Shanna M. Azzopardi, counsel for Defendant, "accepted Plaintiffs' written offer to settle by accepting said offer in writing." (*Id.*). However, on August 26, 2004, Plaintiffs' counsel contacted Ms. Azzopardi and stated in a voicemail message that his clients had withdrawn the settlement offer due to a "change of heart." (*Id.* at 2–3).

Defendant contends that this Court should enforce the settlement agreement because "Mr. Pasternak had apparent authority to settle this matter on behalf of Plaintiffs," and "in fact, a settlement offer was conveyed, in writing, and was accepted by Defendant in this matter." (*Id.* at 3).

■ Plaintiffs oppose Defendant's Motion to Enforce Settlement. While Plaintiffs do not dispute the fact that Mr. Pasternak and Ms. Azzopardi verbally agreed to the settlement and that on August 2, 2004, Mr. Pasternak confirmed the settlement in a writing sent to Ms. Azzopardi, Plaintiffs contend that the settlement cannot be enforced because Mr. Pasternak did not have authority from Plaintiffs to agree to the settlement.

Defendant, relying on *Rheault v. Lufthansa German Airlines,* 899 F.Supp. 325 (E.D.Mich.1995) and M.C.R. 2.507(H), contends that the agreement should be enforced. Defendant's reliance on *Rheault* and M.C.R. 2.507(H) is misplaced. This Court in *Rheault,* held:

(1) M.C.R. 2.507(H), a procedural rule governing cases in the state court, "is not controlling" in an action in this Court. *Rheault,* 899 F.Supp. at 328.

■ (2) While the general rule is that an attorney is presumed to have authority to act on his client's behalf, the attorney must have specific authority from the client to settle a case. *Id.* " 'The Michigan Courts have refused to find that a client implicitly authorizes his attorney to settle his claim when the client employes [sic] the attorney.' " *Id.* (quoting *Capital Dredge and Dock v. City of Detroit,* 800 F.2d 525 (6th Cir.1986)).

■ (3) While an attorney may have apparent authority to settle a case on behalf of his or her client, that apparent authority must be manifested *by the principal* to the third-party, not by the representations of the agent. *Rheault,* 899 F.Supp. at 328 (citing *Michigan Nat'l Bank v. Kellam,* 107 Mich.App. 669, 670–80, 309 N.W.2d 700 (1981)).

Applying the above principles to the case at hand, Plaintiffs' counsel has represented both in his response to Defendant's Motion to Enforce Settlement and at a hearing on this Motion held on October 28, 2004, that, he in fact, never had authority from his client to enter into the settlement. He asserts that he "conveyed terms which he thought the Trustees may approve," but which "the Trustees specifically rejected." (Pls.' Resp. at 2; *see also* Pasternak Aff. in Support of Pls.' Resp.). Because Plaintiffs' attorney did not have actual authority to enter into the settlement on behalf of his clients, the only way Defendant could succeed on this Motion would be to persuade this Court that Plaintiffs' attorney had "apparent authority." However, as set forth above, any indication of "apparent authority" to Defendant and upon which Defendant could rely must come from the principals, i.e., the Plaintiffs. There is no evidence in this record that the principals in any way communicated to Defendant or defense counsel that its attorney had authority to settle. Therefore, Defendant's claim for relief based on "apparent authority" must fail.

942

For the reasons set forth above,

**IT IS ORDERED** that Defendant's Motion to Enforce Settlement is **DENIED.**